## BUHLER v. TRICK.

[No. 24,582.    Filed October 8, 1924.]

1. ATTORNEY AND CLIENT.—*Disbarment Proceedings.*—*Sufficiency of Complaint.*—*Motion to Separate.*—*Demurrer.*—In an action to disbar an attorney where the complaint was in a single paragraph specifying a series of alleged acts of misconduct and there was no motion to separate it into paragraphs, a demurrer to "each paragraph" of the complaint did not challenge the sufficiency of any one of the alleged series of acts taken separately.    p. 191.

2. ATTORNEY AND CLIENT.—*Disbarment Proceedings.*—*No Relation of Attorney and Client.*—An attorney cannot be disbarred because he is a party to a business transaction in which another purchases from him property with which he or she afterwards becomes dissatisfied, when the attorney does not act as attorney for the other party to the transaction, nor in a confidential relation, and keeps within the law.    p. 192.

3. TRIAL. — *Instructions to Jury.* — *Subject-Matter.* — *Reciting Specifications of Charges Previously Stricken Out.*—When an instruction recites in full the averments of an amended complaint, and states that parts of what had been read by counsel as the complaint in making the opening statement had been stricken out, but proceeds to recite in the language of the original complaint the specifications that had been stricken out, this could not aid the jury and might mislead them.    p. 192.

4. ATTORNEY AND CLIENT.—*Evidence.*—*Character of Parties.*— A disbarment proceeding being of a highly penal nature, evidence of the attorney's good moral character (reputation) and his character for honesty may be introduced in his behalf, when the attorney's character has been put directly in issue by the production of witnesses to testify to crimes, immoral acts and the violation of the attorney's duty to his clients, since the case falls within an exception to the rule excluding evidence of the character of the parties in civil actions, and the exclusion of this evidence was prejudicial error.    p. 193.

From Allen Circuit Court; *Alphonso C. Wood*, Special Judge.

Action by Charles H. Trick to disbar Robert A. Buhler, an attorney. From judgment that he be suspended, the defendant appeals. *Reversed.*

*Robert A. Buhler*, for appellant.

*John N. Eggeman, Owen N. Heaton, John H. Aiken, Guy Colerick* and *Arthur W. Parry*, for appellee.

EWBANK, J.—This was a proceeding to disbar appellant from engaging in the practice of law. Issue was joined upon an answer of denial to the second amended complaint, and the jury returned a general verdict in favor of appellee, the form and sufficiency of which were not challenged by motion for a *venire de novo*, or otherwise. Thereupon the court entered a judgment that appellant "be suspended from the practice of law in any of the courts of this State," without fixing the period of suspension, but the form of the judgment has not been challenged.

The complaint consisted of a single paragraph specifying six different series of alleged acts of misconduct by appellant as grounds for asking that he be disbarred. There was no motion to separate it into paragraphs. A demurrer to "each paragraph" of the complaint did not challenge the sufficiency of any one of the alleged series of acts, taken separately to constitute a cause of action for disbarment.

1.

But the sixth specification charged only that more than two years before this action was commenced appellant had certain dealings with an aged woman by which he obtained for her a loan from a trust company of $1,000 secured by a mortgage on certain land that she owned, one purpose of which was to pay off a judgment held by appellant against the woman's son-in-law, and that for $300 of the money he sold her some preferred stock in a newly organized corporation of which he and his wife were stockholders, alleged to have had no market value, telling her that she could get money thereon whenever she wanted it; that he gave her, in money, only the balance of $278.15 that was left after deducting the amount of the judgment and the face value of such stock; and that she afterward demanded from him the $300, but that he and the company that issued the stock had failed to repay her the money. No

facts were alleged, however, showing or tending to show that the relation of attorney and client existed between him and her, or that he acted as an attorney in anything he was alleged to have done, nor were facts stated showing that his alleged acts were criminal, or even that what he did was done with fraudulent intent. The court gave an instruction (appellee's No. 7) of more than 1,100 words, assuming to recite the transaction between appellant and the woman, to which that specification in the charges had reference, but without suggesting that he was acting as an attorney in what he did or that he committed a crime by doing what he did, or even that any of his acts were done with intent to defraud, and concluded with the direction that "if you so find then your verdict should be for the plaintiff and against the defendant." This was error. A mere business transaction by which somebody purchased from a lawyer property with which he or she afterward became dissatisfied cannot afford ground for disbarring him, where he did not act as her attorney nor in a confidential relation, and kept within the law.

The court of its own motion gave an instruction (No. 1) which recited in full the averments of the second amended complaint, and told the jury that parts of what had been read by counsel as the complaint in making the opening statement had been stricken out, and concluded with a statement that the defendant had filed an answer of denial which closed the issues, that plaintiff had the burden of proof, and that no consideration should be given to those charges which had been dismissed. But immediately after stating that some of the charges had been struck out, preceding the statement that an answer of denial had been filed, and separated only by a few words from the 3,000 word recital of the complaint, the court set out in the language of the original complaint seven specifications of

charges amounting to more than 1,000 words, which had been so struck out. This should not have been done. Reciting in this instruction the specifications that had been adjudged insufficient and stricken out could not aid the jury and might mislead them.

There was evidence strongly tending to discredit several of the principal witnesses against appellant, and he denied all the wrong doing charged against him, denying some alleged facts and offering an explanation of others consistent with his innocence. After a number of witnesses had testified that appellant had been guilty of crimes, immoral acts and violations of his duty to clients, including the alleged offering and acceptance of bribes and an alleged attempt to seduce the wife of a client confined in prison, when visiting her as the husband's attorney, in an effort to procure his release, appellant offered to introduce evidence that his general moral character (reputation), and his character for honesty was good, but the court excluded it with the remark that this was a civil case, and that in a civil case there could be no inquiry into the character of either party unless it was attacked by direct evidence. This was error. A proceeding to disbar an attorney is highly penal and seeks to deprive him of his means of livelihood because of alleged acts which an honest man of good moral character would not do. One of the necessary qualifications of an attorney is being of good moral character. His character was directly in issue, and the case is within an exception to the rule excluding evidence of the character of the parties in civil actions. In any event, his general moral character and his character for honesty would be proper for consideration in fixing the punishment if he were found guilty of an offense which only merited suspension and not disbarment, as the trial court seems to

have thought was true in the case at bar. *Lenihan* v. *Commonwealth* (1915), 165 Ky. 93, 176 S. W. 948, L. R. A. 1917B 1132. The exclusion of this evidence was highly prejudicial to appellant, and the judgment must be reversed.

Some of the other questions argued by counsel are not sufficiently presented by the record, and others may not arise when the case is again tried.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.

Willoughby, J., not participating.